UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| MELINDA R. FREDERICK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-537 |
| | ) | |
| v. | ) | Honorable Joseph G. Scoville |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |
| _____ | ) | |

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On August 21, 2008, plaintiff filed her applications for benefits alleging a September 6, 2006 onset of disability.[1] (A.R. 144-58). She later amended her claims to allege an August 24, 2007 onset of disability. (A.R. 30). Her claims were denied on initial review. (A.R. 67-85). On June 2, 2010, she received a hearing before an administrative law judge (ALJ). (A.R. 26-58). On June 25, 2010, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 15-21). On March 24, 2011, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

_____

[1]SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, September 2008 is plaintiff's earliest possible entitlement to SSI benefits.

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision denying her claims for DIB and SSI benefits. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties voluntarily consented to have a United States magistrate judge conduct all further proceedings in this case, including entry of final judgment. (docket # 12). Plaintiff asks the court to overturn the Commissioner's decision on the following grounds:

1. The ALJ's findings at step 2 of the sequential analysis were erroneous because the ALJ failed to analyze plaintiff's bipolar disorder, depression, and anxiety;

2. The ALJ's findings at step of the sequential analysis were erroneous because the ALJ failed to discuss favorable evidence and plaintiff's impairments are equivalent to listing 1.04;

3. The ALJ made an improper credibility determination; and

4. "The ALJ's RFC finding was incomplete, resulting in an erroneous step 5 determination."

(Plf. Brief at 9, 12, 14, 17, docket # 15). Upon review, the Commissioner's decision will be vacated and the matter remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, No. 12-3553, slip op. at 11 (6th Cir. Mar. 12, 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

**Discussion**

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act on August 24, 2007, her alleged onset of disability, and continued to meet the requirements through the date of the ALJ's decision. (A.R. 17). Plaintiff had not engaged in substantial gainful activity on or after August 24, 2007. (A.R. 17). Plaintiff had the following severe impairments: "attention deficit hyperactivity disorder and obsessive compulsive disorder." (A.R. 17). The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 17). He found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work. (A.R. 18). The ALJ found that plaintiff's testimony regarding her subjective limitations was not fully credible. (A.R. 18-20). Plaintiff was unable to perform her past relevant work. (A.R. 20). She was 35-years-old as of the date of her alleged onset of disability and 39-years-old as of the date of the ALJ's decision. Thus, at all times relevant to her claims for DIB and SSI benefits, plaintiff was classified as a younger individual. (A.R. 20). Plaintiff has at least a high-school education and is able to communicate in English. (A.R. 20). The ALJ found that the transferability of work skills was not material to a determination of disability. (A.R. 20). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 11,200 jobs in the State of Michigan that the hypothetical person would be capable of performing. (A.R. 52-54). The ALJ found that this constituted a significant number of jobs. Using Rule 202.21 of the Medical-Vocational Guidelines as a framework, the ALJ held that plaintiff was not disabled. (A.R. 21).

The court need only address plaintiff's argument that the ALJ's findings at step 3 of the sequential analysis[2] were inadequate. The ALJ's findings were indeed deficient. *See* 20 C.F.R. §§ 404.1520a(c), (e)(4), 416.920a(c), (e)(4). The ALJ's opinion provides a series of conclusions, with no discussion of supporting evidence:

> In activities of daily living, the claimant has moderate restriction. In social functioning, the claimant has moderate difficulties. With regard to concentration, persistence or pace, the claimant has moderate difficulties. As for episodes of decompensation, the claimant has experienced no episodes of decompensation, which have been of extended duration.

(A.R. 18). As presented, the ALJ's factual findings are supported by no evidence. This case must be remanded to the Commissioner.

Plaintiff asks the court to order the Commissioner to award DIB and SSI benefits. (Plf. Brief at 19). "[T]he court can reverse the [Commissioner's] decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *See Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."

---

[2] "Administrative law judges employ a five-step sequential inquiry to determine whether an adult claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009).

*Id.*; *see Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985); *see also Kalmbach v. Commissioner*, 409 F. App'x 852, 865 (6th Cir. 2011). Here, the Commissioner's decision is being reversed because the ALJ made no attempt to support his factual findings with evidence, not because the record strongly establishes plaintiff's entitlement to benefits.

## **Conclusion**

For the reasons set forth herein, the Commissioner's decision will be vacated and the matter remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.


Dated:  March 15, 2013            /s/  Joseph G. Scoville
                                  United States Magistrate Judge