UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MELINDA R. FREDERICK, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:11-cv-537 |
| ) | |
| v. ) | Honorable Joseph G. Scoville |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | **MEMORANDUM OPINION** |
| ) | |
| Defendant. ) | |
| ) | |

This was a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income (SSI) benefits. On March 15, 2013, this court entered a judgment vacating the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. The matter is now before the court on plaintiff's application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (docket # 23). Defendant has ignored the motion. For the reasons set forth herein, plaintiff's motion will be granted in part and denied in part, and judgment will be entered in plaintiff's favor in the amount of $2,165.00.

### Discussion

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by

> that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 130 S. Ct. 2521, 2525 (2010). The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006). Plaintiff is a prevailing party under this court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA. Defendant offers no special circumstances which might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). Plaintiff is entitled to an award of attorney's fees under the EAJA.

      1.      **Hours Claimed**

The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Plaintiff has not provided an itemized statement of the rate at which the fees sought were computed. She seeks a lump sum payment of $5,000.00. (docket # 23 at ID#s 759-60). Plaintiff's Exhibit A indicates that

eight individuals in plaintiff's attorney's office spent a grand total of 48.16 hours on this case. (docket # 23-2 at ID# 759). The hours claimed are almost twice what can be considered a reasonable expenditure of time on this matter.

Generally, a reasonable expenditure of time for representation of a party seeking judicial review of the Commissioner's final administrative decision denying claims for DIB and SSI benefits is in the range of 15-to-30 hours. *Nichols v. Commissioner*, No. 1:09-cv-1091, 2012 WL 1189764, at * 2 (W.D. Mich. Mar. 19, 2012) (collecting cases). "Unlike other types of civil cases in which the amount of discovery alone often creates wide variability in litigation hours, the vast majority of social security appeals conform to a relatively narrow range of hours because they involve a largely settled area of law, require no discovery, and follow a precise briefing schedule . . . ." *Crim v. Commissioner*, No. 1:11-cv-137, 2013 WL1063476, at * 4 (S.D. Ohio Mar. 14, 2013). Here, plaintiff's attorney's task was much easier than in the average case, because the ALJ's decision "provide[d] a series of conclusions, with no discussion of the supporting evidence[.]" (03/15/2013 Mem. Op. at 5, docket # 21, ID# 753). "As presented, the ALJ's factual findings [were] supported by no evidence." (*Id.*). This case did not involve any novel or complex legal questions. The length of the administrative record was unexceptional. The upper limit of a reasonable time to review this administrative record, conduct whatever legal research was necessary, and prepare and file plaintiff's initial brief, reply brief, and motion for attorney's fees was 25 hours. The court finds that 25 hours is the reasonable number of hours for all the work performed on plaintiff's behalf in this case.

**2.      Hourly Rate**

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Plaintiff asks for an award of $5,000.00 without providing a breakdown of the hourly rate sought for the work performed in this court. (docket # 23 at ID#s 759-60; docket # 23-2 at ID# 763). The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has determined that the statutory $125 per hour cap applies "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

"In requesting an increase in the hourly-fee rate, [p]laintiff[] bear[s] the burden of producing appropriate evidence to support the requested increase." *Bryant v. Commissioner*, 578 F.3d 443, 450 (6th Cir. 2009). Plaintiff's attorney, Frederick J. Daley, Jr., has not presented any evidence for an award at an hourly rate above the statutory cap. *Id.* at 450. The court finds that plaintiff has not carried her evidentiary burden to justify compensation at any rate above the statutory cap. An award at the maximum hourly rate provides adequate and appropriate compensation for the work performed.

Counsel's one-page time record identifies 5.8 hours devoted by Mr. Daley. The award will credit all 5.8 hours of attorney time at $125. Multiplying the 5.8 hours reasonably expended by counsel by the $125 per hour rate results in a $725 total for attorney time in this matter.

The remaining time appears to have been expended by "paralegals/law clerks." (docket # 23 at ¶ 11, ID# 759). Plaintiff provides no information regarding the qualifications of these individuals and the hourly rate charged for their services. (docket # 23-2 at ID# 763). This court has held that $75 per hour is a reasonable rate for paralegal work. *See Starks v. Commissioner*, 1:12-cv-519, 2013 WL 2318881, at * 2 (W.D. Mich. May 28, 2013); *Kalkman v. Commissioner*, 1:10-cv-1058, 2012 WL 4490754, at * 1 (W.D. Mich. Aug. 6, 2012). Of the 25 allowable hours, 5.8 were expended by Mr. Daley, leaving 19.2 hours by paralegals. Multiplying the 19.2 hours reasonably expended by $75 per hour results in a $1,440 total for non-attorney time. The court finds that this provides adequate and appropriate compensation for the work performed. Thus, plaintiff is entitled to a total EAJA award of $2,165.00.

Plaintiff asks that the EAJA award be made payable to plaintiff's attorney. (docket # 23 at ¶ 10, ID# 759). The EAJA provides in pertinent part that the court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). Thus, any judgment entered for EAJA attorney's fees must be entered in plaintiff's favor. *See Astrue v. Ratliff*, 130 S. Ct. at 2525.

Any agreements entered into between plaintiff and counsel are not part of this closed case and cannot be injected into it at this juncture. There is a significant potential for conflict among plaintiff, her creditors, and her attorney with regard to the EAJA fees. "The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract." *Astrue v. Ratliff*, 130 S. Ct. at 2530 (Sotomayor, J. concurring). Plaintiff's contractual obligations to her attorney are not part of this case.

**Conclusion**

For the reasons set forth herein, the court will enter an order granting plaintiff's motion in part and denying it in part, and will enter a judgment in plaintiff's favor against defendant in the amount of $2,165.00.


Dated: July 29, 2013	/s/ Joseph G. Scoville
	United States Magistrate Judge