UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| MELINDA R. FREDERICK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-537 |
| | ) | |
| v. | ) | Honorable Phillip J. Green |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This was a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On March 15, 2013, this court entered a judgment vacating the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (docket # 22). On July 29, 2013, the court entered a judgment awarding plaintiff $2,165.00 for attorney's fees under the Equal Access to Justice Act (EAJA). (docket # 25).

Attorney Frederick J. Daley, Jr., continued to represent plaintiff during administrative proceedings after this case closed in 2013. The Social Security Administration found that plaintiff was disabled and entitled to an award of past-due benefits. The matter is now before the court on a motion by Attorney Daley for attorney's fees under 42 U.S.C. § 406(b), payable from the award of past-due benefits. (docket # 28). The Commissioner does not oppose this motion. (docket # 30). Upon review, plaintiff's attorney's motion will be granted.

## Facts

Plaintiff received an award of $68.720.00 in past-due benefits.  She received payment of $51,540.00.  The Administration retained a total of $17,180.00 to cover a potential award of attorney's fees by the Court under 42 U.S.C. § 406(b).  (docket # 28-1, Page ID 796).

## Discussion

Section 406 "deals with administrative and judicial review stages discretely:  § 406(a) governs fees for representation in administrative proceedings; 406(b) controls fees for representation in court."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).  "[E]ach tribunal may award fees only for the work done before it."  *Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*).  This court cannot award plaintiff's attorney anything under section 406 for the work he performed at the administrative level.

Attorney's fees under section 406(b) can only be awarded out of the plaintiff's award of past-due benefits.   "A prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits."  *Gisbrecht*, 535 U.S. at 792. Section 406(b) "does not authorize the prevailing party to recover fees from the losing party. Section 406(b) is of another genre:  It authorizes fees payable from the successful party's recovery." *Gisbrecht*, 535 U.S. at 802.  Section 406(b)(1)(A) states that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"  42 U.S.C. § 406(b)(1)(A).

The Supreme Court has held that section 406(b) calls for court review of such contingency fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. . . . If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the time counsel spent on the case, a downward adjustment is similarly in order." *Gisbrecht*, 535 U.S. at 808 (citations omitted).

Attorney Daley asks for an award of the funds being withheld. (Motion at ¶ 4, docket # 28, Page ID 790). He has received the $2,165.00 EAJA award through his client. He is not seeking a double recovery. The attorney's request does not exceed statutory limits. An award of the amount sought would not result in a windfall and would fairly compensate the attorney for the work performed in this matter. Accordingly,

**IT IS ORDERED** that plaintiff's attorney's motion for attorney's fees (docket # 28) is hereby **GRANTED**. The Court approves payment from plaintiff's award of past due benefits to Attorney Daley in the amount of $17,180.00. Attorney Daley shall refund the EAJA fee of $2,165.00 to plaintiff.

Dated:   July 15, 2015                    /s/  Phillip J. Green
                                          United States Magistrate Judge